UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TRADEBLOC INC and TIMOTHY DWIGHT CLARK

                    Plaintiffs,

   -against-

DYNASTY CAPITAL 26, LLC; UNLIMITED CAPITAL LLC;
and CHANAN FUZAILOV and VLADIMIR KAMINSKY,

                   Defendants.

Civ. A. No.:

## COMPLAINT

Plaintiffs, Tradbloc Inc ("Tradebloc"), and Timothy Dwight Clark ("Clark," collectively, "Plaintiffs"), alleged as against Defendants, Dynasty Capital 26, LLC ("Dynasty Capital") and Unlimited Capital LLC ("Unlimited Capital"), Chanan Fuzailov ("Fuzailov"), Vladimir Kaminsky ("Kaminsky"), (collectively "Defendants"), as follows:

## NATURE OF THE ACTION

1. This is a Conversion and Fraudulent Inducement action against Dynasty Capital and Unlimited Capital, and their owners, Chanan Fuzailov and Vladimir Kaminsky.

2. Plaintiff is a victim of "carroting."

3. "Carroting" is a fraudulent practice used be Merchant Cash Advance ("MCA") companies and brokers to bait desperate business owners into taking out predatory MCA loans based on the false promise that paying off the MCA loan would improve the business's credit profile and result in a larger, long-term, low-interest loan.

4. After baiting these desperate business owners into taking out an exorbitantly high-interest MCA loan and paying it off almost immediately due to the false promises of the "carrot," i.e., the larger, low-interest loan, the broker making these promises "ghosts" the business owner and leaves them in a far worse financial condition than they were before the scam.

5.      The broker conspires with a knowing and willing MCA company, who will receive a quick windfall profit within just a few days.

6.      The broker, in turn, receives a massive 10-15% commission based on the size of the MCA loan.

7.      After the fleecing is completed, both run and hide.

8.      Here, the "carroting" scheme is even worse than most.  Rather than at least put on the charade of performing on an MCA transaction by funding the loan and then allowing the business owner to rapidly repay the loan based on the fraudulent inducements made, the MCA and broker companies here just openly stole the money from the merchant's bank account once the merchant gave them access to the account through the MCA underwriting process.

9.      The scheme employed here is as brazen and outrageous as it gets.

10.     Specifically, Defendants entered into two so-called MCA on November 13, 2023, with Plaintiffs. Defendants fraudulently induced Plaintiffs into entering into the two agreements by promising that execution of the two agreements would lead to Defendants opening a $1.2 million line of credit for Plaintiffs.

11.     There was never a $1.2 million line of credit.

12.     Defendants never provided the funds per the MCA Agreements.

13.     Nevertheless, Defendants, without authorization, illegally withdrew and then converted $90,000.00 from Tradebloc's bank account.

14.     In order to convert the $90,000, Defendants gained access to Plaintiffs' account by asking for Plaintiffs' account information under the ruse that Defendants had to "verify" the account before the funds could be deposited.

15.     It is against this backdrop that Tradebloc files this Complaint.

**THE PARTIES**

16.     Plaintiff, Tradebloc Inc, is a corporation duly organized under the laws of Texas, with its principal place of business located in Dallas, Texas.

17.     Plaintiff, Timothy Dwight Clark, is an individual resident and citizen of Nevada and Founder and CEO of Tradebloc Inc.

18.     Defendant, Dynasty Capital 26, LLC, is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business located at 96-14 Metropolitan Avenue, 2nd FL, Forest Hills, New York 11375. Its members, Chanan Fuzailov, Shalom Fuzailov, and Ben Chananya, are citizens of New York.

19.     Defendant, Unlimited Capital, LLC, is a limited liability company organized and existing under the laws of the state of Connecticut, with its principal place of business located at 2613 E. 16th Street, Brooklyn, NY 11235.  All of its members, Vladimair Kaminsky, Paul Hazan, and James Weaver, are citizens of New York.

20.     Defendant, Chanan Fuzailov, is the owner of Dynasty Capital and is an individual resident and citizen of New York.

21.     Defendant, Vladimir Kaminsky, is the owner of Unlimited Capital and is an individual resident and citizen of Florida.

**JURISDICTION**

22.     This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 based on 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiffs and Defendants.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred here.

32287522v.1

24.     Defendants are subject to the personal jurisdiction of this Court because Defendants reside here, regularly transact business within the State of New York, and/or have purposefully availed themselves of the jurisdiction of this Court for the specific transactions at issue.

## FACTUAL BACKGROUND

A.     **Tradebloc's Business.**

25.     Tradebloc, founded in 2018, provides a complete list of credit and debt management options for their clients including Credit Monitoring, Credit Accordance, Credit and Identify Theft Protection, Debt Settlement, and Contract Cancellation.

B.     **Defendants Loan to Tradebloc.**

26.     On November 9, 2023, Tradebloc was solicited by Defendants so that they could provide funding in the form of MCA agreements with Tradebloc. **Ex. A**.

27.     Later that same day, Plaintiffs received a call from Defendants informing Plaintiffs that Defendants could provide funding for Plaintiffs in the amount of $700,000.00. *Id.*

28.     On or around November 10, 2023, Plaintiffs received two separate MCA agreements from Defendants within the same correspondence.

29.     One of the agreements was from Unlimited Capital and the other agreement was from Dynasty Capital, both dated November 13, 2023 (collectively the "Agreements"). **Ex. B**.

30.     On the same day, Plaintiffs received a phone call from Defendants' underwriter indicating the Defendants needed to login to Plaintiffs' bank account to "verify" the account before the funds from the Agreements could be deposited.

31.     During that same phone call, Defendants' underwriter informed Plaintiffs that he had approved Plaintiffs with a $1.2 million line of credit as "additional incentive" to proceed with the Agreements and/or originate a new agreement with more fees and commission.

-4-

32.     In reality, this "additional incentive" fraudulently induced Plaintiffs to enter into the Agreements and to provide Defendants their account information.

**C.     Defendants Converted $90,000.00 from Tradebloc's Bank Account.**

33.     As stated above, Defendants have failed to provide the funding per the Agreements.

34.     Despite failing to provide the funding per the Agreements, Defendants, without authorization, withdrew a total of $90,000.00 from Tradebloc's bank account by using the information fraudulently obtained by Defendants when they told Plaintiffs they needed to "verify" their bank account.

35.     On November 16, 2023, Dynasty Capital withdrew $52,500.00 from Tradebloc's bank account. *See* **Ex C.**

36.     On the same day, Unlimited Capital withdrew $37,500.00 from Tradebloc's bank account. *See Id*.

37.     Despite numerous requests by Plaintiffs, Defendants have yet to either repay the money wrongfully withdrawn from Tradebloc's account or provide the funding per the Agreements. *See Id*.

<u>**FIRST CAUSE OF ACTION**</u>
**(Conversion)**

38.     Plaintiffs repeat and re-allege the allegations set forth above herein.

39.     Tradebloc has a possessory right and interest in its company funds and assets, including, naturally, the funds situated in its banking accounts used for Tradebloc's business.

40.     As detailed above, Defendants converted $90,000.00 on November 16, 2023 through unauthorized withdrawals from Tradebloc's bank account.

41.     Plaintiffs put Defendants on notice that these unauthorized withdrawals had occurred.

32287522v.1

42. Defendants indicated that the funds would be deposited back into Tradebloc's account no later than November 20, 2023.

43. On November 30, 2023, Defendant, Chanan Fuzailov personally reached out to Plaintiffs and indicated that all of the funds would be returned.

44. As of the filing of this Complaint, the funds have not yet been deposited back into Tradebloc's account and have ceased communications with Plaintiffs.

45. On information and belief, Dynasty and Unlimited Capital are empty shell companies that the individual defendants use to hide their personal liability.

46. As admitted in emails with Plaintiffs, Defendants Fuzailov and Kaminsky acted in their personal capacity and distributed their funds to their personal bank accounts.

47. For these reasons, Defendants are liable to Tradebloc for their conversion of funds from Tradebloc's account that were wholly unauthorized, with full damages to be determined at trial, but in no event less than $90,000.00.

48. Defendants' conduct was willful, wanton and outrageous warranting punitive damages.

## **SECOND CAUSE OF ACTION**
### **(Fraudulent Inducement)**

49. Plaintiffs repeat and re-allege the allegations set forth above herein.

50. Defendant's misrepresentations as set out above were made with the intent to induce Plaintiffs to enter into the Agreements and to gain access to their bank account.

51. But for Defendants' misrepresentations, Plaintiffs would not have entered into the contracts underlying this suit or have given Defendants access to their bank account.

52.     Defendants knew that they were not going to provide $1.2 million in credit and only indicated they were going to so Plaintiffs would enter into the Agreements above and provide Defendants access to their bank account.

53.     Defendants' failure to disclose this material fact was misleading to Plaintiffs.

54.     Defendants had a duty to make full disclosure under applicable law.

55.     Defendants are liable to Tradebloc for their misrepresentations to Plaintiffs, with full damages to be determined at trial, but in no event less than $90,000.00.

56.     On information and belief, Dynasty and Unlimited Capital are empty shell companies that the individual defendants use to hide their personal liability.

57.     As admitted in emails with Plaintiffs, Defendants Fuzailov and Kaminsky acted in their personal capacity and distributed their funds to their personal bank accounts.

58.     Defendants' conduct was willful, wanton and outrageous warranting punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment in their favor against Defendants, jointly and severally, and seek an Order:

a)     Awarding compensation, direct, consequential damages and punitive damages including prejudgment interest, in an amount no less than $90,000;

b)     Requiring Defendants to pay Plaintiffs' attorneys' fees and costs; and,

c)     Any further relief deemed appropriate by the Court.

Dated: March 26, 2024

WHITE AND WILLIAMS LLP

By: _____

32287522v.1

-7-

Shane R. Heskin
7 Times Square, STE 29
New York, NY 10036
(215) 864-7000
heskins@whiteandwilliams.com
*Attorneys for Plaintiffs*

32287522v.1